IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEW LIFE EVANGELISTIC CENTER, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:12-CV-1077-HEA ) |
| CITY OF ST. LOUIS, MISSOURI, | ) ) |
| et al., | ) ) |
| Defendants. | ) |

**DEFENDANTS' CITY OF ST. LOUIS, MISSOURI AND EDWARD ROTH'S
MOTION TO DISMISS AND COUNTERCLAIM**

COMES NOW Defendants City of St. Louis, Missouri (hereinafter, "City") and Edward Roth, in his official capacity as Public Safety Director, City of St. Louis, Missouri (hereinafter, "Defendants"), by and through undersigned counsel, and for their Motion to Dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief, states as follows:

**I.    Motion to Dismiss Complaint.**

1.    Plaintiff fails to state a cause of action upon which relief can be granted as Plaintiff's Complaint contains no allegation that Plaintiff obtained a legal occupancy permit to establish and inhabit an outdoor tent shelter encampment.  Thus, Plaintiff has no due process claim, as Plaintiff had no legitimate claim of entitlement to an established property interest.  Nor does Plaintiff allege that the City failed to follow its own emergency condemnation procedures contained in St. Louis City Ordinance No.

68788 regarding an illegal tent encampment being established without any legal permitting to do so.

2. Finally, the City in the instant case acted out of public safety concerns regarding the illegal use of the subject properties once it was clear that an illegal overnight tent encampment was being established. First Amendment law and the Free Exercise Clause clearly indicates that religious institutions must apply for the same permits, follow the same requirements, and go through the same land-use processes as other land users.

3. As a result, Plaintiff's Complaint should be dismissed with prejudice in its entirety.

**II.     Motion to Dismiss Defendant Edward Roth.**

1. Plaintiff's Complaint concerns May 16, 2012 Notices of Emergency Condemnation at 1600-10 and 1612-14 S. Vandeventer in the City (hereinafter, "Emergency Condemnation).

2. Plaintiff has named the City of St. Louis as defendant in this action. The Defendant, City of St. Louis, is the proper suable entity in this action.

3. There is no allegation in Plaintiff's Complaint that Defendant Edward Roth has committed any act in his official capacity regarding the Emergency Condemnation. Pursuant to St. Louis City Ordinance No. 68788, Section 120, it was the Code Official's action in issuing the Emergency Condemnation.

4.	In addition, Defendant Edward Roth is entitled to absolute or qualified immunity from prosecution of Plaintiff's action against him.

5.	As a result, Plaintiff has failed to state a cause of action upon which relief can be granted against Defendant, Edward Roth.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief with prejudice in its entirety, or, in the alternative, dismiss Defendant Edward Roth with prejudice.

## III.	DEFENDANT CITY OF ST. LOUIS COUNTERCLAIM FOR DECLARATORY RELIEF, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

Comes now Counterclaim Plaintiff, the City of St. Louis, ("City" or "Counterclaim Plaintiff"), and for its Counterclaim against Counterclaim Defendant, New Life Evangelistic Center, Inc. ("NLEC") for Declaratory Relief pursuant to Section 527.010, RSMo, *et seq.*, and Preliminary and Permanent Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, hereby states, alleges and avers as follows:

1.	The City of St. Louis is and at all times relevant herein a Charter city organized under the provisions of the Missouri Constitution.

2.	Lawrence W. Rice, Jr. is an individual and is the President and CEO of NLEC.

3. Mr. Rice has indicated NLEC has leased property on which NLEC intends to allow an overnight tent shelter in the City.

4. Upon information and belief, the City believes the leased location(s) are the parcels identified as 1600-10 S. Vandeventer, 1612-14 S. Vandeventer, 4415 Lafayette, 4348 McRee and 4354-56 McRee in the City of St. Louis (collectively, the "subject properties").

5. On May 16, 2012, Counterclaim Defendant erected sleeping tents on two of the subject properties. Specifically, sleeping tents were erected upon the 1600-10 S. Vandeventer and 1612-14 S. Vandeventer properties. (hereinafter, the "Vandeventer properties").

6. On May 16, 2012, the City issued Emergency Condemnations for the Vandeventer properties, attached hereto as **EXHIBIT A**.[1] The City posted the Emergency Condemnation notices at the Vandeventer properties.

7. After posting of the Emergency Condemnation at the Vandeventer properties, the City informed those present of the need to vacate the subject properties. Subsequently, the Saint Louis Metropolitan Police Department arrived at the scene, in part to enforce the Emergency Condemnation.

8. The Emergency Condemnations remain in full force and effect at the subject properties. Yet, despite this order, Counterclaim Defendant has made various statements to the media concerning its intention to establish an outdoor tent sleeping

---

[1] Also attached are the Emergency Condemnation Orders for the three adjacent properties: 4415 Lafayette, 4348 McRee and 4354-56 McRee.

encampment in the City, either at the subject properties or at another undisclosed location in the City.

9. The City is without an adequate remedy at law as Counterclaim Defendant has indicated its intention to establish an outdoor tent sleeping encampment, but has no legal authority to do so.

10. The anticipated public safety hazard at the impending tent shelter at the subject properties or at other potential City location(s) presents an irreparable harm, which is continuing and dangerous in nature, and cannot later be remedied by monetary damages or otherwise. As a result of this and Counterclaim Defendant's clear intention to continue efforts to provide a tent shelter at the subject properties, injunctive relief is proper.

11. Previous encampments of persons living outdoors in this manner have created public safety hazards for the City. Specifically, the recent Riverfront encampments resulted in substandard living conditions and hazards to public health including but not limited to: fire hazards and unrestrained fires, outdoor toilets running over with human waste, excessive refuse accumulation, stagnant water, rat infestation, piles of clothing amid refuse, vermin feeding from dumpsters and on pet food left on the ground, and stray animals. Persons living in these encampments were exposed to extreme cold and heat exposure, and incidents of violence were reported.

12. The potential for damage to life and property during the use of the subject properties as a shelter thus presents a situation of immediate irreparable harm, to the public at large and to individuals who may stay on the subject properties by

Counterclaim Defendant or others under their control, which would be continuing and dangerous in nature.

13.     Counterclaim Defendant should be enjoined from utilizing the subject properties or any other City location in a similar manner, to be used illegally as a de facto shelter that would violate zoning, health, and building codes of the City of St. Louis and endanger public health and safety.

WHEREFORE, Counterclaim Plaintiff, the City of St. Louis, prays this Court enter an injunctive order and judgment to enjoin Counterclaim Defendant from constructing, allowing or operating any form of tent shelter at the subject properties or at any other City property location, and, further, that no activity be conducted at any such property for the purpose of shelter without prior approval from the City, including the prior obtainment of all necessary permits and authorization for legal use of properties; that any illegal use of the property in any manner which would allow overnight sleeping or temporary shelter by Counterclaim Defendant be enjoined; and for sanctions or other relief as this Court may deem appropriate should Counterclaim Defendant defy this Court's Judgment.

-7-

       Respectfully Submitted,

       PATRICIA A. HAGEMAN,
       CITY COUNSELOR


       <u>/s/ Matthew M. Moak</u>
       Matthew M. Moak, #41509MO
       Associate City Counselor
       Robert M. Hibbs, #41668MO
       Assistant City Counselor
       1520 Market, Room 4025
       St. Louis, Missouri 63103
       Telephone:  (314) 657-1308
       Facsimile:  (314) 641-8280
       MoakM@stlouis-mo.gov

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on the 10th day of July, 2012, with the Clerk of Court to be served by operation of the Court's electronic filing system upon all parties of record.

/s/ Matthew M. Moak