UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEW LIFE EVANGELISTIC CENTER, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:12CV1077 HEA ) |
| CITY OF ST. LOUIS and EDWARD ROTH, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 11], and Plaintiff's Motion to Dismiss Counterclaim, [Doc. No. 15]. For the reasons set forth below, the Motion to Dismiss is denied and the Motion to Dismiss Counterclaim is granted.

## Facts and Background[1]

**The Complaint**

Plaintiff's Complaint alleges that Plaintiff, a Christian Church and a provider of a wide variety of services to homeless men, women and children in Missouri, Illinois, Kansas and Arkansas, is the lessee of certain property, to wit,

---

[1] The recitation of facts is taken from the allegations in Plaintiff's Complaint and is set out for the purposes of the pending motion only. The recitation in no way relieves the parties of necessary proof any stated facts.

1600-1610 S. Vandeventer Ave.; 1612-1614 Vandeventer Ave.; 4345-4346 McRee Ave.; 4348 McRee Ave; and 4415 Lafayette Ave., in St. Louis, Missouri. The purpose of Plaintiff's lease is to use the property for religious services and homelessness assistance.  There are no permanent structures on the property.

On May 14, 2012, Plaintiff informed defendant Roth, Director of Public Safety for the City of St Louis, that it intended to use the property for the placement of a 20' by 40' tent on the property in order to hold worship services for those in the community and others who would like to attend.

On May 15, 2012, Defendant Roth sent a response to Plaintiff which directed Plaintiff to facilities that provide shelter or other housing services, and laid out "vague parameters" of what was expected from shelters providing no corresponding ordinances, code citations or permit requirements Defendant Roth, according to the Complaint, did not respond to Plaintiff's request regarding religious services.  Defendant Roth specifically stated an intent to condemn the property before it was even occupied by Plaintiff.

On May 16, 2012, Plaintiff began erecting the  20' by 40' tent on the property.  Plaintiff also had one portable toilet delivered to the property. Thereafter, Plaintiff began to host a worship service on the property at noon on May 16, 2012.  By 4:00 pm that day, 15 people were present on the property.  At

that time, the only structures on the property were the 20' by 40' tent and eight smaller tents. No food preparation or storage was taking place on the property, no electrical services were being provided nor generated for the property and no open fires were present on the property.

At 5:00 pm on May 16, 2012, the City of St. Louis Department of Public Safety Division of Building an Inspection issued an emergency condemnation of the property. The alleged reason for the emergency condemnation was, pursuant to Section 120.1 of Ordinance #68788, the Emergency Condemnation provisions of the International Building Code, an inspection of the property had been made, and the inspection revealed that the building(s) and/or premise(s) pose and immediate or imminent danger to public health, safety or welfare… and they cannot be made reasonably safe without immediate evacuation… The violations that lead to this immediate or imminent danger were listed on the second page of the notice as "The building, structure or premises has been constructed, exists or is being maintained in violations of this code or law. Sec 119."

City police officers arrived to disperse all present and took four people into custody for occupying a condemned building.

Plaintiff claims its Due Process rights have been violated because it claims Defendants did not have a proper emergency to deny Plaintiff a hearing on the

condemnation of the property. Plaintiff claims there was no immediate or imminent danger to the public health, safety or welfare, the premises had not been occupied for more than five hours, there were restroom facilities available, no open fires or flood source were on the property and the only structures on the property were tents that required no permits under the City Code. Further, Plaintiff claims there was no need for prompt action as only 15 people were present, no one person had been on the property more than five hours that day and prior to the arrival, there had been no other structures or occupancy of the property. Additionally, Plaintiff claims that Defendant City of St. Louis did not keep strict control over its monopoly of legitimate force because the person initiating the seizure improperly determined that it was necessary and justified in the particular instance, as no permits are required by the City Code for tents under 1000 square feet.

Plaintiff also claims that its First Amendment rights to free exercise of religion were violated. It claims it was engaging in the exercise of its religious beliefs through worship services and outreach to the homeless at the property and Defendants' actions placed a substantial burden on its religious beliefs of ministering to the homeless and conducting worship services on the property. Plaintiff alleges Defendants' action was without a rational basis.

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

**The Counterclaim**

Defendant City of St. Louis alleges in its Counterclaim that Plaintiff erected sleeping tents on two of the subject properties, to wit, 1600-10 South Vandeventer and 1612-14 S. Vandeventer. Defendant claims the "anticipated public safety hazard at the impending tent shelter at the property presents an irreparable harm which is continuing and dangerous in nature and cannot be later remedied by monetary damages. As a result of Defendant's "clear intention to continue efforts to provide a tent shelter at the property" injunctive relief is proper.

Plaintiff moves to dismiss the Counterclaim arguing that Defendant has an adequate remedy at law if it were to actually establish a shelter which did not comply with the building code requirements of St. Louis. Plaintiff further argues that Defendant "relies on speculation and provides no evidence" that Plaintiff has actually established any shelter within the City of St. Louis without first obtaining proper permits.

**Discussion**

**Rule 12(b)(6) Standard**

When ruling on a motion to dismiss for failure to state a claim, the Court

must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**Motion to Dismiss Complaint**

Defendants argue that the Complaint must be dismissed because there are no allegations that a legal occupancy permit has been issued. Defendant misses the mark. Plaintiff's Complaint is based on its intent to use the property as a worship venue and homeless outreach. Nowhere in the Complaint does Plaintiff allege, or even suggest, that it intends to utilize the property for a homeless shelter or encampment. While Defendants speculate at this time that Plaintiff's intent is to establish such an encampment, the allegations of the Complaint clearly set out that Plaintiff was, at the time of the events, merely setting up tents which did not require a permit under the St. Louis Code. Plaintiff's Complaint contains

sufficient facts to apprise Defendants of the Claims against them and the factual basis upon which the claim exits. Under *Iqbal and Twombly*, *supra*, Plaintiff's Complaint states a cause of action.

**Motion to Dismiss Counterclaim**

The Counterclaim filed by Defendant City of St. Louis alleges Plaintiff had erected sleeping tents and that the anticipated public safety hazard of a sleeping encampment would result in irreparable harm. These allegations, however, fail to set forth sufficient facts to establish Plaintiff's actions at the time of the emergency condemnation rose to the level alleged in the Counterclaim. While Defendant may have anticipated that Plaintiff intended to create a sleeping encampment, there are no facts set out in either the Complaint or the Counterclaim that Plaintiff actually took steps to violate the City Code. All of the alleged tents were within the perimeters of the Code for tents which do not require a permit. Although Plaintiff may have articulated a desire to establish a homeless sleeping encampment, nothing in the facts set forth in the Counterclaim state a cause of action since Plaintiff's actions alleged in the Complaint and Counterclaim do not set forth a cause of action for any violation of the building code regulations.

## Conclusion

Plaintiff's Complaint states a cause of action for violations of its due

process rights and its free exercise of religion rights.  Conversely, Defendant City of St Louis' Counterclaim relies solely on speculation that Plaintiff may establish a tent encampment.  As such, there exists no basis upon which to bring a claim for declaratory relief.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 11], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Defendant City of St. Louis' Counterclaim, [Doc. No. 15], is **GRANTED**.

Dated this 26th day of August, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE